**Charles GROTTING and George McMurrick, Plaintiffs,**

v.

**HUDSON SHIPBUILDERS, INC., Defendant.**

**C86 1392M.**

United States District Court, W.D. Washington.

April 14, 1988.

John N. Connell, Anderson & Connell, Bellingham, Wash., for plaintiffs.

David Danielson, Danielson Harrigan Smith & Tollefson, Seattle, Wash., Jerard S. Weigler, Thomas E. McDermott, Lindsay, Hart, Neil & Weigler, Portland, Or., for defendant.

### ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT RE STATUTE OF LIMITATIONS

McGOVERN, District Judge.

Defendant Hudson Shipbuilders, Inc. (Hudson) seeks partial summary judgment against Plaintiffs' first, second, and fifth claims to the extent they seek recovery of damages associated with Plaintiff McMurrick's alleged personal injuries. Hudson's Motion for Partial Summary Judgment is based on a contention that the above claims are barred by the applicable statute of limitations, 46 U.S.C.App. § 763a, and by a Bankruptcy Code provision allowing, *inter alia*, a 30–day extension of a statute of limitations in certain circumstances. 11 U.S.C. § 108(c).

The loss of the fishing vessel MIDNIGHT EXPRESS, and Plaintiff McMurrick's alleged injuries, occurred on November 21, 1981. Defendant Hudson filed a Chapter 11 bankruptcy petition February 9, 1983. Plaintiffs' motion to lift the automatic stay in bankruptcy to prosecute this action was granted June 30, 1986. Plain-

tiffs filed their original complaint in this action September 4, 1986.

The appropriate statute of limitations, 46 U.S.C.App. § 763a, requires a party to file a complaint for damages for personal injury from a maritime tort within three years from the date the cause of action accrues. Under this statute, Plaintiffs should have filed their cause of action as to McMurrick's injuries by November 29, 1984, unless the statute of limitations was tolled or extended.

Hudson went into bankruptcy, however, before Plaintiffs filed their claims, but the statute of limitations had not yet run on their claims. The Automatic Stay of 11 U.S.C. § 362, nevertheless, precluded commencement of Plaintiffs' cause of action against Hudson.

Another provision of the Bankruptcy Code, entitled "Extension of Time," addresses Plaintiffs' situation. Title 11 U.S. C. § 108(c) provides:

> Except as provided in section 524 of this title, *if applicable nonbankruptcy law,* an order entered in a nonbankruptcy proceeding, or an agreement *fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor,* or against an individual with respect to which such individual is protected under section 1301 of this title, *and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—*

> (1) *the end of such period, including any suspension of such period occurring on or after the commencement of the case; or*
> (2) *30 days after notice of the termination or expiration of the stay under section 362,* 722, or 1301 of this title, as the case may be, with respect to such claim.

(Emphasis added.) The proper interpretation of this provision is at issue in Hudson's motion. There is no dispute of the underlying facts.

The issue is whether the applicable statute of limitations is tolled during the period of the Automatic Stay in bankruptcy.

Hudson argues that Plaintiffs failed to file their claims for personal injuries arising from maritime torts either within the three-year statute of limitations (46 U.S.C. App. § 763a) or within the alternative 30-day period following the lifting of the stay in bankruptcy as permitted under 11 U.S.C. § 108(c).

Plaintiffs argue that the applicable statute of limitations is tolled or suspended during the period of the automatic stay, and that there was an unexpired portion of the limitation period amounting to 1 year and 294 days when the bankruptcy stay went into effect. Thus, while Plaintiffs did not file their claims within the 30-day period after the stay was lifted, they did so within the remaining year and 294 days of the limitation period.

The following chart may be helpful to visualize the pertinent dates:

| 11/29/81 | 2/9/83 | 11/29/84 | 6/30/86 | 7/30/86 | 9/4/86 |
|---|---|---|---|---|---|
| Injury | Hudson Ch. 11 | S of L expires if not tolled | Bkcy Sty lifted at Ps' reqst | End of 30–day extension of § 108 | Ps file complaint |

There is no language either in the Automatic Stay provision or the Extension of Time provision of the Bankruptcy Code that suspends a statute of limitations from running. The Automatic Stay provision merely prohibits a cause of action from being commenced against a debtor. The Extension of Time provision merely provides an extra 30 days to file a claim if the claims' limitation period expired before the automatic stay was lifted. Since neither the Stay provision nor the Extension provision suspend a statute of limitations from running, the language in Section 108(c)(1) referring to "any suspension of such period" means those nonbankruptcy law tolling periods such as minority or incompetency of a plaintiff.

This is a reasonable interpretation in view of the provisions of the predecessor statute that expressly provided for the "suspension" of any statute of limitations during the pendency of bankruptcy proceedings; Congress could have similarly provided in the new statute. While the applicable statute of limitations may continue to run under the new provision, Section 108, a claimant is not unfairly precluded from ever asserting a claim against a debtor in bankruptcy because such claimant (1) may move the Bankruptcy Court to lift the stay—as did Plaintiffs in this case; (2) file after the bankruptcy proceedings terminate, if the applicable statute of limitations still has time to run; or (3) file during the 30-day period following a lifting of the stay or termination of the bankruptcy proceedings.

The interpretation that the applicable statute of limitations is not tolled by the Automatic Stay in bankruptcy comports best with expeditious and fair administration of a bankrupt's estate. The parties have more certain knowledge of when claims will expire, and the potential claims period is not unduly extended because of the length—which may be great in complex cases—of the bankruptcy proceedings.

Cases cited by Plaintiffs either were decided under the predecessor statute or did not address the precise issue before this Court; the one case that did address this issue, *Garbe v. Priester*, 99 Ill.2d 84, 75 Ill.Dec. 428, 457 N.E.2d 422 (1983) was decided by an Illinois State court, which read into Section 108(c)(1) an alleged Congressional intention to include bankruptcy suspensions such as the automatic stay. The better-reasoned decision (from a bankruptcy court) is cited by Defendant Hudson: *In re Baird*, 63 B.R. 60, 15 C.B.C.2d 231 (B.Ct.D.Ky.1986), held that Section 108(c) does not have the effect of tolling the running of a statute of limitations, but rather *extends* the statute of limitations until 30 days after the lifting or expiration of the automatic stay. The Court held that the reference to "suspension" in Section 108(c) is not to the operation of bankruptcy law but to other, specialized "suspension" statutes such as the Internal Revenue

Code, cited in legislative history. *Id.* 63 B.R. at 63. The Court concluded that this interpretation was more compatible with the legislative history of the Section. *Id.* 63 B.R. at 62.

Accordingly, Defendant's Motion for Partial Summary Judgment, concerning the limitations period for damages associated with Plaintiff McMurrick's claims (first, second, and fifth), is GRANTED, and the claims are DISMISSED.