852 F.Supp. 870 (1994)
Mark A. MAMER, Plaintiff,
v.
APEX R.E. & T., d/b/a Apex Towing Company, Defendant.
No. 4:93CV 0393 SNL.
United States District Court, E.D. Missouri, Eastern Division.
May 18, 1994.
Lon D. Weaver, Lakin Law Firm, Wood River, IL, for plaintiff.
Alan K. Goldstein, Partner, James K. Mondl, Goldstein and Price, St. Louis, MO, for defendant.

MEMORANDUM
LIMBAUGH, District Judge.
This matter is before the Court upon defendant's Motion for Judgment on the Pleadings and/or Summary Judgment. In the present cause, plaintiff filed a Complaint, alleging defendant's liability based upon 46 U.S.C.App. § 688 (hereinafter the "Jones Act") and General Maritime Law for injuries which allegedly occurred aboard defendant's vessel. Defendant moves for judgment on the pleadings and/or summary judgment based upon the statute of limitations or the doctrine of laches, which plaintiff opposes.

I. Standard for Summary Judgment
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of *871 any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.

II. Facts
According to the Complaint, plaintiff initially commenced this lawsuit against defendant in state court on July 31, 1984 due to injuries which allegedly occurred in March, 1984. In his original and amended state court petitions, plaintiff sought damages for negligence and unseaworthiness, which he now seeks in Counts I and II, respectively, of his Complaint before this Court. Plaintiff did not seek maintenance and cure in the state court action, but does so now in Count III.
On December 24, 1987, defendant filed bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri. On November 22, 1989, plaintiff and defendant agreed and stipulated that plaintiff's claim be referred to the Claims Resolution Procedure for a mediator's decision. On April 19, 1990, plaintiff's claim in state court was voluntarily dismissed without prejudice. On November 26, 1991, the mediator issued a report allowing plaintiff to proceed with his claim before the District Court. On February 3, 1993, plaintiff filed his Complaint in the present matter.

III. Analysis
Defendant moves for judgment on the pleadings and/or summary judgment, arguing that plaintiff's claims are barred by the applicable statutes of limitations or, alternatively, that the doctrine of laches bars plaintiff's claims. Plaintiff opposes said motions, arguing that judgment on the pleadings and/or summary judgment is inappropriate because equitable considerations require a tolling of the statute of limitations and the inapplicability of the doctrine of laches. The Court will consider defendant's motion as a Motion for Summary Judgment rather than a Motion for Judgment on the Pleadings, since the Court will refer to exhibits in addition to the Complaint.
Plaintiff's claims are brought pursuant to the Jones Act and General Maritime Law. The applicable statute of limitations, therefore, is three (3) years. 46 U.S.C.App. § 763a. Defendant argues that said statute of limitations expired prior to the filing of the Complaint in the present matter. Plaintiff argues, however, that equitable considerations should be taken into account, thereby requiring tolling of the statute of limitations during the period in which plaintiff's state law claims were pending and also during the time of mediation. The parties would appear to agree that the statute of limitations should be tolled during the time period that plaintiff's claims were pending in state court. The real issue, therefore, is whether plaintiff's claims should be tolled during the time period that the parties were engaged in the Claims Resolution Procedure and the bankruptcy stay was in effect.
In Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067 (2d Cir.1993), the United States Court of Appeals for the Second Circuit addressed the effect of a bankruptcy stay on a seaman's personal injury claim. In Aslanidis, plaintiff attempted to bring a lawsuit against his employer, defendant U.S. Lines, for an alleged injury which occurred in May, 1985. Id. at 1070. Plaintiff Aslanidis was prevented from filing suit because U.S. Lines had sought bankruptcy protection on November 24, 1986, prior to the filing of plaintiff's lawsuit. Id. Plaintiff Aslanidis petitioned the bankruptcy court for limited relief from the stay. Id. at 1070-71. On November 27, 1991, the bankruptcy court granted Aslanidis such relief, permitting him to pursue a lawsuit. Id. at 1071. On January 24, 1992  over six years after the alleged injury occurred and 58 days after the bankruptcy court's action  plaintiff Aslanidis commenced suit against defendant U.S. Lines. Id. Defendant U.S. Lines moved for dismissal, or in the alternative, for summary judgment, arguing that plaintiff Aslanidis' claims were barred by the three year statute of limitations. Id. The District Court granted U.S. Lines' Motion for Summary Judgment, holding that the bankruptcy *872 court's stay did not toll the two maritime statutes of limitations. Id.
The matter was appealed to the United States Court of Appeals for the Second Circuit, wherein the Second Circuit held that plaintiff Aslanidis' claims were not tolled while the bankruptcy stay was in effect. The Court noted that plaintiff Aslanidis' argument was predicated in large part on his reading of the "Extension of Time" provision of the Bankruptcy Code, 11 U.S.C. § 108(c), which plaintiff Aslanidis believed provided for a tolling of all externally imposed statutes of limitations while a debtor is in bankruptcy. Id. at 1072. Title 11 U.S.C. § 108(c) provides in pertinent part:
[I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of 
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) 30 days after notice of termination or expiration of the stay under section 362....
11 U.S.C. § 108(c). In Aslanidis, the Second Circuit Court of Appeals held that "by its terms § 108(c) does not provide for tolling of any externally imposed time bars, such as those found in the two maritime statutes of limitations." Id. at 1073. See, also, Grotting v. Hudson Shipbuilders, Inc., 85 B.R. 568, 569 (W.D.Wash.1988). The Court went on to hold that the reference in § 108(c)(1) to "suspension" of time limits "clearly does not operate in itself to stop the running of a statute of limitations; rather, this language merely incorporates suspension of deadlines that are expressly provided in other federal or state statutes." Id. (emphasis in original).
Plaintiff argues that Aslanidis is distinguishable from the present matter because plaintiff Aslanidis had not filed an action prior to the entry of a bankruptcy stay, as plaintiff did in the present cause. The Aslanidis holding, however, was not dependant upon whether a suit had been filed prior to defendant's bankruptcy. It is the opinion of this Court that the holding by the United States Court of Appeals in Aslanidis should be adopted in the present matter. "[I]f Congress had intended for § 108(c) to operate as a tolling provision it would have expressly provided for such a suspension of time limits, as it had in a predecessor to § 108." Aslanidis, 7 F.3d at 1073. Furthermore, the tolling rationale does not apply in the bankruptcy arena because plaintiffs have advance knowledge of when claims are to expire and may act to protect themselves. Id. at 1074 (citations omitted). There is no common law or statutory authority, therefore, for the tolling of the statute of limitations during the period in which plaintiff's claims were subject to the bankruptcy stay.
In addition, it is the opinion of this Court that plaintiff's argument that equitable considerations require tolling of the statute of limitations is without merit. Plaintiff has failed to advance any basis for equitable tolling of the statute of limitations other than the fact that defendant was in bankruptcy and that plaintiff was subject to the stay. As previously stated, the statute of limitations is not tolled during the period of the stay.
Thus, it is the opinion of this Court that defendant's Motion for Judgment on the Pleadings and/or Motion for Summary Judgment should be granted because there are no genuine issues of material fact and defendant is entitled to judgment as a matter of law in that the applicable three year statute of limitations bars plaintiff's claims.