Denis F. THURMAN, Plaintiff–Appellant,

v.

Joseph A. TAFOYA and Therese H. Tafoya, a/k/a Therese H. Thorne, Defendants–Appellees.

No. 93CA0428.

Colorado Court of Appeals, Div. II.

Dec. 2, 1993.

Rehearing Denied Jan. 27, 1994.

Certiorari Granted Aug. 8, 1994.

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Heggemeier & Jatko, P.C., Roger A. Jatko, Parker, for plaintiff-appellant.

Chris A. Porter, Wheat Ridge, for defendants-appellees.

Opinion by Judge TAUBMAN.

In this real estate foreclosure action, plaintiff, Denis F. Thurman, appeals from the judgment which dismissed his complaint against defendants, Joseph A. and Therese H. Tafoya, as barred by the statute of limitations. We affirm.

The complaint filed on December 30, 1992, alleged that on March 20, 1986, defendants gave plaintiff their promissory note for $22,380. It further alleged that the note was secured by a deed of trust encumbering residential property owned by Therese H. Tafo-ya. Attached as an exhibit to the complaint was a copy of the note which provided that the principal balance and all accrued interest were due and payable on June 20, 1986. According to the complaint, no payments were made on the note. Plaintiff requested judgment on the note and a decree authorizing sale of the property.

Pursuant to C.R.C.P. 12(b)(5) and 41(b)(1), defendants filed a motion to dismiss the action asserting that it was time-barred by the six-year statute of limitations. Plaintiff filed a response to the motion, asserting that the limitation period was tolled for 432 days while defendants were in bankruptcy.

Plaintiff also filed a motion for partial summary judgment on the statute-of-limitations issue, asserting that there were no genuine issues of material fact and that the question could be decided as a matter of law. In addition to the tolling argument, the motion asserted that, by accepting a subordination of plaintiff's deed of trust in favor of their lender in July 1987, defendants were equitably estopped from asserting that the limitation period commenced in June 1986. Attached in support of plaintiff's motion were his affidavit, a copy of the subordination document, and copies of docket sheets from defendants' bankruptcies.

Defendants filed a reply, supported by affidavits, in which they stated that plaintiff had fraudulently obtained the deed of trust, that defendants had repeatedly disputed the validity of the note and deed of trust, that plaintiff had not attempted to collect the note until December 1992, and that plaintiff had not applied to the bankruptcy court for a relief from the stay. Attached to the affidavits were copies of a letter written by defendants' counsel to plaintiff in April 1987 demanding a quitclaim deed and asserting a claim for slander of title based upon defendants' allegation that the deed of trust had been wrongfully recorded. The affidavits further stated that defendants had made no commitments to plaintiff in return for his execution of the subordination agreement.

Based upon the parties' submissions, the trial court determined that plaintiff's cause of action accrued on June 20, 1986, and that

there was no showing that the bankruptcy proceedings delayed or prevented plaintiff from commencing an action to enforce the note within six years. The court further determined that the subordination agreement did not operate to toll the statute of limitations. Accordingly, the trial court dismissed the action as time-barred.

## I.

■ We note initially that the statute of limitations defense may properly be raised by a motion to dismiss if, as here, the allegations of the complaint demonstrate that the action was not brought within the statutory period. *See Wasinger v. Reid,* 705 P.2d 533 (Colo.App.1985). In addition, it is undisputed that six years was the applicable limitation period for any action on the promissory note. *See Martinez v. Continental Enterprises,* 730 P.2d 308 (Colo.1986). Since defendants' liability on the note was discharged by their bankruptcies, plaintiff had to bring this action within the period that an action on the note could have been commenced. Further, pursuant to C.R.C.P. 12(b), if matters outside the pleadings are considered by the court, the motion is to be treated as one for summary judgment and disposed of as provided in C.R.C.P. 56.

## II.

■ Plaintiff contends that the trial court erred in concluding that the automatic stay provision of the federal bankruptcy code did not operate to extend the statute of limitations. In support of this contention, he argues that—regardless of his own action or inaction—the bankruptcy stay automatically entitled him to an additional 432 days in which to enforce the note. We disagree.

There are two distinct lines of cases addressing this issue. Plaintiff relies on the cases allowing a statute of limitation to be tolled when a bankruptcy stay is in effect. *In re Hunters Run, Ltd.,* 875 F.2d 1425 (9th Cir.1989); *In re Morton,* 866 F.2d 561 (2d Cir.1989); *In re National Oil Co.,* 112 B.R. 1019 (Bankr.D.Colo.1990); *Garbe Iron Works, Inc. v. Priester,* 99 Ill.2d 84, 75 Ill. Dec. 428, 457 N.E.2d 422 (1983); *Major Lumber v. G & B Remodeling,* 817 S.W.2d 474 (Mo.App.1991).

Defendants contend that the running of the statute on plaintiff's claim was not suspended. This contention is supported by a line of cases permitting a creditor an additional 30 days in which to file a cause of action if the statute of limitations expires during a bankruptcy stay. *Grotting v. Hudson Shipbuilders, Inc.,* 85 B.R. 568 (Bankr. W.D.Wash.1988); *In re Baird,* 63 B.R. 60 (Bankr.W.D.Ky.1986); *Garrett v. Arrowhead Improvement Ass'n,* 826 P.2d 850 (Colo. 1992). These cases do not permit a creditor additional time if the statute of limitations does not expire during the bankruptcy proceeding.

■ In circumstances in which a defendant's actions have prevented the plaintiff from asserting a timely claim, a statute of limitations may be subject to equitable tolling. However, it is the plaintiff's burden to demonstrate that the statute has been tolled. *Garrett v. Arrowhead Improvement Ass'n, supra.*

As pertinent here, 11 U.S.C. § 362(a) (1988) provides that the filing of certain petitions in bankruptcy operates as a stay against filing or continuing an action against the debtor. *See Fukutomi v. Siegel,* 785 P.2d 147 (Colo.App.1989). However, 11 U.S.C. § 108(c) (1988) further provides in relevant part that:

[I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of filing of the petition, then such period does not expire until the later of— (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay.

Relying upon the first of these options, plaintiff maintains that, regardless of his inaction, the statute of limitations was automatically tolled during the period that defendants were subject to the jurisdiction of the bankruptcy court.

In the leading cases relied on by plaintiff, *In re Morton, supra,* and *In re Hunter's Run, Ltd., supra,* the courts tolled the statute of limitation, recognizing that the pur-

pose of § 108(c) was to prevent the debtor from gaining an unfair advantage over the creditor by filing for bankruptcy shortly before the end of a statutory time limitation, thereby allowing the limitations period to run while the debtor was still under the protection of the bankruptcy code's automatic stay provision. We agree with this interpretation of Congress' intent; however, these cases are factually distinguishable. In each case the defendant filed for bankruptcy shortly before the end of the applicable statute of limitations. The statute of limitations would have expired during the bankruptcy, thereby preventing the creditors from perfecting their claims.

Furthermore, we read *In re Morton, supra,* as supporting our conclusion. There, the United States Court of Appeals for the Second Circuit interpreted 11 U.S.C. § 108(c) to protect liens and other enforcement proceedings against the running of limitation periods during the time when the bankruptcy was in effect. The court there concluded that Congress ensured this protection by "extending the period for commencing or continuing a civil action against the debtor to, at a minimum, 30 days after termination or expiration of the automatic stay." *In re Morton, supra,* at 567.

Here, Thurman had over one and one-half years after the Tafoyas' bankruptcies closed and the automatic stays were lifted to proceed with his foreclosure. Thus, these bankruptcies did not work to the unfair advantage of Thurman, nor did they prevent Thurman from proceeding with his foreclosure after the automatic stays imposed by bankruptcies were lifted. We also conclude that the cases supporting the defendants' position are better reasoned and we adopt their reasoning.

In *In re Baird, supra,* 63 B.R. at 63, after reviewing the legislative history of § 108(c), the court held that:

> [T]he bankruptcy code *extends* a creditor's right to bring an action through the pendency of a debtor's bankruptcy case *only for 30 days after the automatic stay expires* by operation of law or is lifted by order of court.

*Accord In re Morton, supra.*

Based upon the legislative history of the statute, the court concluded that the term "suspension" in 11 U.S.C. § 108(c)(1) (1988) was intended to refer to specialized statutes such as Section 6503(b) of the Internal Revenue Code (26 U.S.C. § 6503(b) (1988)) addressing collection of tax liabilities. *In re Baird, supra.*

Whether a statute of limitations should be suspended during a bankruptcy proceeding should be determined by the plain language of that statute. Absent such a suspending provision, a statute of limitations for an action against a debtor which would have expired while an automatic stay was applicable is extended for only 30 days after the stay is lifted. *See 2 Collier on Bankruptcy* § 108.04 (L. King 15th Ed.1992).

In *Grotting v. Hudson Shipbuilders, Inc., supra,* the court rejected the argument that a statute of limitations was tolled during the period of the bankruptcy stay. In rejecting this interpretation, the court relied upon the analysis in *In re Baird, supra,* to conclude that the statute was not tolled. The court noted that there was no language in § 108(c) which required tolling a statute of limitations. Indeed, it held that § 108(c) referred only to nonbankruptcy tolling periods "such as minority or incompetency of the plaintiff." *Grotting v. Hudson Shipbuilders, Inc., supra,* at 569. We find that reasoning persuasive here as well. *See also Howard v. Howard,* 670 S.W.2d 737 (Tex.Civ.App.1984).

Accordingly, to the extent that the line of cases relied on by the plaintiff is inconsistent with the result we reach here, we decline to follow them.

Here, it was undisputed that Therese Tafoya's bankruptcy case was opened September 25, 1987, and closed April 18, 1988. It was also undisputed that Joseph Tafoya's bankruptcy case was opened May 3, 1990, and closed January 28, 1991. Finally, it was undisputed that plaintiff made no efforts to collect the note or to commence foreclosure proceedings until the present action was filed in December 1992.

Under these circumstances, we conclude that, by the express terms of the statute, the limitation period expired six years after the

note matured because defendants were not then under the protection of any bankruptcy stay. *See* 2 *Collier on Bankruptcy supra,* § 108.04. Accordingly, the trial court properly concluded that plaintiff had failed to establish that defendants' bankruptcies prevented him from filing a timely claim. *See Garrett v. Arrowhead Improvement Association, supra.*

### III.

Plaintiff also contends that the trial court erred in its failure to conclude that the recording of the subordination agreement equitably estopped defendants from asserting the statute of limitations. In support of this contention, he argues that defendants' acceptance of a subordination amounted to an acknowledgment that the deed of trust was valid. In support of the judgment, however, defendants argue that the subordination agreement did not acknowledge the note's validity and did not obligate defendants in any manner whatsoever. We agree with defendants.

More is required than noncommittal acts to establish an estoppel against a party who raises the statute of limitations as a defense. *Mountainwood Condominium Homeowners Ass'n v. Cal–Colorado,* 765 P.2d 1066 (Colo.App.1988).

Here, it was undisputed that defendants were not parties to the subordination agreement. Defendants asserted, and the undisputed evidence reflects, that plaintiff signed the July 1987 subordination agreement only in response to written demands by defendants' counsel in April 1987 that plaintiff's invalid deed of trust be released.

Under these circumstances, the trial court properly determined, from undisputed evidence, that the subordination did not reflect the type of affirmative conduct required to establish an equitable estoppel against defendants. *See Lee v. Denver,* 29 Colo.App. 256, 482 P.2d 389 (1971).

Judgment affirmed.

TURSI and NEY, JJ., concur.