[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, Brian Natale, a minor, and his parent. Antoinette Natale, have brought suit against the Town of Greenwich, Greenwich Board of Education, and six individual employees, for injuries sustained to the minor plaintiff arising from an accident occurring on bleachers located at Western Junior High School in Greenwich, Connecticut on February 6, 1986. In his Amended Complaint dated April 10, 1989, Brian Natale claims that on the day of the accident he attended wrestling matches held in the gymnasium at Western Junior High School, a public school, with his mother, Antoinette, and that Western sponsored the matches part of its school sports program. (First Count, paragraphs 3, 4, 6). He alleges that "[t]he events were open to the public, which was invited to attend and use the bleachers to watch the wrestling matches." (First Count, paragraph 4). While attending the competition and seated upon the top bleacher, "with his right hand partially between the seat and the portable panel beneath it, a youngster lifted the wooden panel section under the seat area which caught Brian's right thumb, which was severed by the scissoring effect of the panel." (First Count, paragraph 9).
The Amended Complaint is in eight counts. In the first count, the plaintiff, Brian Natale, claims negligence against six employees of the Town of Greenwich: Joan Ring, "principal of Western Junior High School"; Edward MacDowell, "coordinator of the Department of Physical Education"; Marie Shimchick and Karen Schultz, "supervisors of the Western Junior High School gymnasium"; Stephen Murphy, "gym teacher at Western" and Donald Kolok, "chief custodian of Western." (First Count, paragraphs 19-23). In the second count, the plaintiff claims that these employees were agents, servants or employees of the Town of Greenwich, and the Town is therefore liable for such negligence as an indemnitor under 7-465 and 7-101a of the Connecticut General Statutes. The first and second counts also contain claims for reimbursement of expenses on behalf of the plaintiff-parent. Counts five and six are appended to the first and second counts, and request damages on the part of the plaintiff-parent for bystander emotional distress.
There are twenty-nine separate allegations of negligence. Each involves the failure of the defendants to "safeguard youngsters at the gym." (First Count, paragraph 29). They include the defendants' failure to properly supervise the gymnasium and premises, maintain and inspect the premises and equipment, provide adequate emergency assistance to the plaintiff, and identify, warn as to, modify, or remedy an alleged design defect in the bleacher system, as well as provide a risk management program. (First Count, paragraph 26).[1]
The pleadings in this case have closed. The defendants now CT Page 9422 move for summary judgment on the first, second, fifth and sixth counts of the Amended Complaint on the grounds that the plaintiffs have failed to sustain a cause of action in negligence, and the derivative claims. First, the defendant employees claim that they did not owe the duties alleged by the plaintiff, Brian Natale; further, any duties alleged are public in nature and the defendants are otherwise immune from negligence liability under the theory of governmental immunity in accordance with their Fifth Special Defense since no exception to the general rule has been shown. Additionally, the Town of Greenwich maintains that under these circumstances, it cannot be held liable as an indemnitor under 7-465 and 7-101a. Finally, since Antoinette Natale's claims for bystander emotional distress and expenses are appended to these counts, her claims must fall as well.
In the second motion for summary judgment, the six individual employees of the school and the Town of Greenwich raise the issue of governmental immunity as a bar to the plaintiff's action in negligence.
In determining whether a municipality is immune from liability, a distinction must be made between public duties and private duties. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988); Shore v. Stonington, 187 Conn. 147, 152
(1982).
 [I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages. Roman v. Stamford, 16 Conn. App. 213, 219
(1988) aff'd 211 Conn. 396 (1989).
The test to determine whether the action involved creates a duty to the individual is the following:
 If the duty imposed upon the public official. . . is of such nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at CT Page 9423 large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual. Id. at 220.
If it is determined that the duty is a private one, governmental immunity does not attach. However, "once it is determined that the duty involved. . . is a public duty, the issue of municipal liability may also turn upon whether the specific act in issue was ministerial or discretionary." Roman,16 Conn. App. at 221. A ministerial duty is one which is performed in a prescribed manner without the exercise of judgment or discretion. Evon v. Andrews, 211 Conn. 501, 505 (1989).
Town officials who undertake discretionary governmental acts, as in this case, are not subject to suit except under certain prescribed conditions: 1) where the duty is so clear and unequivocal that it would be apparent to the official that failure to act would be likely to subject an identifiable person to imminent harm; 2) where the conduct involves malice, wantonness or intent to injure, rather than negligence; and 3) where a statute specifically provides a cause of action for failure to enforce certain laws. Evon v. Andrews,211 Conn. at 503; Gordon v. Bridgeport Housing, 208 Conn. at 167; Shore v. Stonington, 187 Conn. at 152.
This Court agrees with the defendants that the defendants owed a duty to the public generally and not to the plaintiff privately. See Heigl v. Board of Education, 218 Conn. 1, 8
(1991); Gordon v. Bridgeport Housing Authority, supra at 166; and Shore v. Stonington, supra at 152.
 It is axiomatic that providing public education is a governmental function. Norwalk Teachers' Association v. Board of Education, 138 Conn. 26, 275-76, 83 A.2d 482 (1951). "It is indisputable. . . that municipalities, by providing public education, are engaged in a governmental duty." Couture v. Board of Education, 6 Conn. App. 309, 312, 505 A.2d 432 (1986). Pursuant thereto, town boards are given substantial discretion to determine educational policy. Id. The decision to sponsor sporting events as part of a town's educational policy, and to hold such events, is a governmental act. Id. CT Page 9424
 Further, duties to maintain, inspect, and repair school property, to provide safe premises for school-sponsored activities, and to supervise such activities clearly affect the general public, and do not involve special or unique duties owed to a particular individual. See Couture v. Board of Education, supra; Heigl v. Board of Education, 218 Conn. 1, 8 (1991) (Defendant's brief p. 7). (See also Plaintiff's complaint, Count One, paragraphs 26 (aa) (b) and (m)).
This Court also agrees that the acts in issue were discretionary. "Formulating and implementing rules for the conduct of students surely appears discretionary if anything is." Arvoy v. City of Stamford, 16 Conn. L. Trib. No. 112 (August 21, 1990). It is uncontroverted that several faculty members were put in charge of crowd control and supervision and that Karen Shultz Parks spoke to the children about their behavior on numerous occasions. An allegation of failure to supervise students has been held to be for the public benefit and discretionary in nature. Heigl v. Board of Education, supra at 8. With regard to the mandate of C.G.S. 10-220 (a), which requires the board of education to maintain and care for property used for school purposes, it is also uncontroverted that the Greenwich Board of Education hired a safety inspection firm, Corby Association Inc., to inspect the school gymnasium bleachers for safety. (see Corby's Supplemental Response to Plaintiff's Request to Admit, #17, March 27, 1990). What is in issue is whether Corby did what was necessary and whether the school adequately monitored the enforcement of the contract with Corby. This again falls within a discretionary as opposed to ministerial nature.
The next focus of inquiry is on whether the conduct falls within the "identifiable person" exception to the government immunity doctrine. See Sestito v. Groton, supra at 523-24; Shore v. Stonington, supra at 154-157; Evon v. Andrews, supra at 508. "The question in each case is whether the facts present a situation where the statute (7-465) applies, that is whether a public official's constant general duty to the public has in addition, subsumed a specific duty to the individual claiming injury." Sestito, supra at 528. Although as in Evon and Carrington v. Sullivan, 17 Conn. L. Trib. No. 10 (January 24, 1991) the accident could have occurred at any time in the future, the facts of this case sufficiently reveal that the plaintiff, as well as any of the other boys in the immediate vicinity who had been fooling around and who had been reprimanded more than once just moments before the incident was CT Page 9425 a readily identifiable victim subject to imminent harm. Therefore, the doctrine of governmental immunity does not serve as a bar in this case.
The second basis for the motion tests whether the defendant employees ever breached a duty owed to the plaintiff. The individual defendants have been sued in their capacity as public officers or employees. The defendants contend that, even should the court find that the doctrine of governmental immunity does not apply in this case, as a matter of law they had no obligation to perform the specific duties set forth in the complaint, and to protect the plaintiff from the type of injuries he sustained and, therefore, the plaintiff has failed to allege a cause of action in negligence against them. (Defendant's brief p. 16). In specific John Kolok who was the head custodian at the school claims he had no duty to inspect the bleachers for safety, maintain them or possess any expertise in regard to their operation. He was not a policy maker and so was not responsible for risk management. The defendant King was the principal of the school and claims that because she was not there on the night in question, she had no duty to supervise. The other individuals claim they had "no duty to maintain the school property or operate an effective risk management program."
While not all of these people had all the duties in issue, each one had some relevant duty for which he/she was responsible, and therefore the motion for summary judgment is denied. The complaint sets forth various and sundry allegations of negligence which do not apply to each and every defendant. A request to revise is in order. Under the circumstances at hand, no individual defendant should be forced to defend against allegations clearly not applicable.
Finally, because the town employees are not entitled to judgment as a matter of law, the municipality remains liable by indemnification. Wu v. Fairfield, 204 Conn. 435, 438 (1987).
KATZ, JUDGE