[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
According to the allegations of the complaints, the plaintiffs recorded their certificates of mechanic's liens on March 28, 1990 in R S, and June 11, 1990 in Kane. The complaints are dated November 26, 1991 and were filed on December 11, 1991. The defendant moves to dismiss in each action on the ground that the court lacks subject matter jurisdiction because plaintiffs had failed to foreclose their liens within one year as required by Connecticut General Statutes 49-40a. The plaintiffs oppose the motion, arguing that 11 U.S.C. § 108(c) tolled the one-year period since the subject property was involved in bankruptcy proceedings, eventually ending up in defendant's possession through foreclosure.
 11 U.S.C. § 108(c) provides in part that if nonbankruptcy law. . .fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against a debtor. . .and such period has not expired before the date of the filing of the [bankruptcy] petition, then such period does not expire until the later of —
 (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
 (2) 30 days after notice of the termination or expiration of the stay as the case may be, with respect to such CT Page 3458 claim.
The plaintiffs maintain that this statute tolls the running of one year statute of limitation for foreclosing mechanics' liens, in this case from the time of the bankruptcy petition, December 11, 1990, until the property emerged from bankruptcy proceedings and into defendant's possession, a period of 176 days.
"Section 108 does not in and of itself suspend the running of the statute of limitations." In Re Baird, 63 B.R. 60, 63
(Bkrtcy. W.D.Ky. 1986). Subsection (c) merely "extends a creditor's right to bring an action through the pendency of a debtor's bankruptcy only for 30 days" after the stay expires. Id. The suspension referred to in 108(c)(1) is a reference to some statutes which do suspend statutes of limitations such as 6503(b) of the Internal Revenue Code. Id.
The statutes of limitations is not actually tolled, but extended by 30 days after the lifting of the stay. The property came out of bankruptcy and into defendant's possession on June 11, 1991. Title then vested in the defendant and the property would not be subject to any stay under the bankruptcy code. The plaintiffs, therefore, had 30 days from this point; 108(c)(2); to foreclose the liens. Since they waited to well after this date, the defendant's motions to dismiss is granted.
MEADOW, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 3468