[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT BOARD OF EDUCATION'S MOTION TO STRIKE COUNT FIVE
The plaintiffs, Edgar Stevens and his parents, filed a five count complaint on September 24, 1993, to recover for injuries allegedly sustained by Edgar, a minor, while he was attending Melillo Middle School as a student. The plaintiffs allege that Edgar sustained injuries as a result of being struck in the face by another student. Counts one and two are directed against the alleged attacker and state claims of assault and battery and negligence. The third count states a claim against Corey Borzain, a teacher at the middle school, sounding in negligence. Specifically, this count asserts that Ms. Borzain failed to monitor and/or supervise the students, that Ms. Borzain knew or should have known of the impending assault and failed to warn the minor plaintiff, and that Ms. Borzain failed to protect the minor plaintiff from the assault.
The fourth and fifth counts are directed against the Town of East Haven Board of Education (hereinafter "board"). The fourth count states a claim of indemnification pursuant to General Statutes 7-465. The fifth count sounds in negligence and alleges that the board failed to assign staff to monitor and/or supervise the hallway, failed to warn the minor plaintiff of the alleged impending assault, and failed to control the alleged attacker so as to prevent the assault.
Before the court is the defendant board's motion to strike count five of the plaintiff's complaint under the doctrine of governmental immunity. Both parties have filed appropriate CT Page 1258 memoranda.
Generally, governmental immunity must be specially pleaded. Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1 (1982). If, however, "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." (Citation omitted.) Brown v. Branford, 12 Conn. App. 106, 111, n. 3, 529 A.2d 743 (1987).
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 91
(1985). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 496,605 A.2d 862 (1992). The court must construe the facts in the complaint most favorably to the plaintiff. Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
A town board of education can be an agent of the state for some purposes and an agent of the municipality for others, thus a board of education potentially enjoys immunity under two different theories of immunity for acts carried out within its governmental capacity. Heigl v. Board of Education, 218 Conn. 1, 3-4,587 A.2d 423 (1991). "Local boards of education . . . are agents of the towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the municipality's limits." R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 218, 504 A.2d 542
(1986). A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity. Heigl v. Board of Education, supra. Governmental immunity, however, is not a blanket protection for all official acts. Id. "[L]iability may attach for a negligently performed ministerial act, but not for a negligently performed discretionary act." (Citations omitted.) Paternoster v. Town of Stratford,8 Conn. L. Rptr. 24 (November 24, 1992, Leheny, J.).
The public duty doctrine provides the starting point of the governmental immunity analysis. Gordon v. Bridgeport Housing Authority, supra, 170. Before examining a complaint for allegations of ministerial or discretionary acts by a municipal CT Page 1259 board, the court must decide whether a public or private duty is alleged to apply to the board. Id. To survive a motion to strike, the court must determine that the defendant owed a duty to the plaintiff. Id., 171. "A duty to supervise students is a public duty as it affects students generally, and is not a private or specific duty owed to an individual. . . ." Viens v. Graner, Superior Court, judicial district of New London at New London, Docket No. 524313 (June 28, 1993, Teller, J.).
"Once it is determined that the duty involved . . . is a public duty, the issue of municipal liability may also turn on whether the specific act in issue was ministerial or governmental/discretionary." Roman v. Stamford, 16 Conn. App. 213,221, 547 A.2d 97 (1988).
 Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.
Gauvin v. New Haven, supra, 184.
The allegations directed at the board in the fifth count essentially amount to a claim that the Board failed to supervise the students in the school. While this case involves middle school students, it would appear that the ruling of the Supreme Court in a case involving a similar claim concerning high school students has established the law in this regard.
 Neither the General Statutes nor our decisional law has ever stated that a board of education has a specific duty to supervise high school students. Even if such a duty exists, actions pursuant to such a duty are discretionary if they "`are performed wholly for the direct benefit of the public. . . .'" Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167-68, 544 A.2d 1185 (1988). "If the duty imposed . . . by the statute is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at CT Page 1260 large, the statute is one which imposes . . . a duty to the individual. . . ." (Citations omitted.) Leger v. Kelley, 142 Conn. 585, 590-91, 116 A.2d 429 (1955). If, on the other hand, "no one individual is affected . . . in a manner different from other members of the general public . . . [t]he duty imposed [is]. . . . public. . . ." Id., 591. Pursuant to its authority under the General Statutes, the board of education in this case established a policy that affected every member of the student population of New Canaan High School in the same manner. There is no suggestion that the decedent was singled out by the policy. Thus, the board was acting for the public benefit and was not discharging an affirmative duty toward an identifiable individual student. As a result, any action by the board in this regard was discretionary and therefore protected from liability.
Heigl v. Board of Education, 218 Conn. 1, 8 (1991).
This court sees no reason why the ruling in Heigl is not applicable to this case. The claim of the plaintiff against the board is a failure to supervise students, and this duty, if it exists, is a discretionary one.
Accordingly, the defendant board's motion to strike the fifth count of the complaint is granted on the grounds of governmental immunity.
William L. Hadden, Jr. Judge