[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Ruby Caruso PPA and Peter Gaudioso, filed a six-count complaint on March 16, 1995, against the defendants, Richard Demartino, Jr., his parents, Richard and Jeanine Demartino, and the Board of Education of the Town of Branford ("Board of Education"), arising out of the alleged assault of Peter Gaudioso by defendant Richard Demartino, Jr. on the property owned or controlled by the defendant Board of Education.[1] The first through fourth counts of the complaint are directed at defendant Richard Demartino, Jr. and his parents, alleging negligent assault, intentional assault, and liability pursuant to the Parental Liability Statute, General Statutes § 52-572. The fifth and sixth counts are directed at the Board of Education, and allege that the Board of Education was negligent in failing to properly supervise the activity of the students and failing to properly regulate the activities and games of the students.
On June 2, 1995, the defendant, Board of Education, filed a motion to strike the fifth and sixth counts of the plaintiffs' complaint on the ground that the Board is protected from tort liability by the doctrine of governmental immunity. In support of this motion the defendant filed an accompanying memorandum of law. On July 6, 1995, the plaintiff filed an objection to the defendant's motion to strike along with an opposing memorandum of law.
"The purpose of a motion to strike is to `contest . . . the CT Page 12485 legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 398 (1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. 215.
In its supporting memorandum of law, the Board of Education argues that the plaintiffs' allegations that the Board was negligent in failing to supervise the high school students involve governmental acts and that the Board is therefore immune from liability as a matter of law under the governmental immunity doctrine. In an opposing memorandum, the plaintiffs argue that an exception to doctrine of governmental immunity for discretionary acts exists where "the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm." Plaintiffs' Memorandum, quoting Burns v. Board of Education, 228 Conn. 640,645, 638 A.2d 1 (1994). The plaintiffs contend that because Gaudioso was given access to the defendant's property, he was a member of a "foreseeable class of victims" to which the defendant owed a duty. In its supplemental memorandum filed on July 11, 1995, the defendant argues that the plaintiffs have failed to allege facts that would support the plaintiffs' claim that Gaudioso was a member of an identifiable class of foreseeable victims.
"A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity."Heigl v. Board of Education, 218 Conn. 1, 4, 587 A.2d 423 (1991). In determining whether a municipality is immune from liability, a distinction is made between public and private duties. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). If the duty is private, governmental immunity does not attach. "Once it is determined that the duty involved . . . is a public duty, the issue of municipal liability may also turn upon CT Page 12486 whether the specific act in issue was ministerial or discretionary." Roman v. Stamford, 16 Conn. App. 213, 221,547 A.2d 97 (1988), aff'd, 211 Conn. 396, 539 A.2d 710 (1989). "[A] municipality is immune from liability for the performance of governmental [discretionary] acts as distinguished from ministerial acts." (Internal quotation marks omitted.) Heigl v.Board of Education, supra, 218 Conn. 4. "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) Id., 5.
The allegations directed at the Board of Education in the present case essentially amount to a claim that the Board failed to properly supervise the students in the school. "An allegation of failure to supervise students has been held to be for the public benefit and discretionary in nature." Natale v. GreenwichBoard of Education, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 234271 (7 CSCR 10, 11
(November 13, 1990, Katz, J.)), citing Heigl v. Board ofEducation, supra, 218 Conn. 8 ("Neither the General Statutes nor our decisional law has ever stated that a board of education has a specific duty to supervise high school students. Even if such a duty exists, actions pursuant to such a duty are discretionary if they are performed wholly for the direct benefit of the public. . . .") (Internal quotation marks omitted.). See alsoStevens v. Vegas, Superior Court, judicial district of New Haven at New Haven, Docket No. 352632 (9 CSCR 239, 240 (February 7, 1994, Hadden, J.)) ("this duty, if it exists, is a discretionary one"); Viens v. Graner, Superior Court, judicial district of New London at New London, Docket No. 524313 (9 Conn. L. Rptr. 306, 307 (June 28, 1993, Teller, J.)) ("A duty to supervise students is a public duty as it affects students generally. . . .");Farace v. Board of Education of Guilford, Superior Court, judicial district of New Haven at Meriden, Docket No. 239185 (7 CSCR 526,527 (October 16, 1992, Reilly, J.)) ("Pursuant to the holding inHeigl v. Board of Education, supra, if a duty to supervise exists, it is a discretionary duty, and the defendant is immune from liability.").
Apparently the plaintiffs concede that the duty to supervise students is a public duty and is discretionary in that they argue that one of the exceptions to the doctrine of governmental immunity for discretionary acts applies. "Our cases recognize CT Page 12487 three such exceptions. . . ." Burns v. Board of Education, supra,228 Conn. 645. The plaintiffs in the present case argue that the "identifiable person/imminent harm" exception to the doctrine of governmental immunity applies. "[W]here the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm," the doctrine of governmental immunity does not serve as a defense. Id., 645. "We have construed this exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Id., 646.
"The `discrete person/imminent harm' exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." Evon. v. Andrews, 211 Conn. 501, 507, 559 A.2d 1131
(1989). In Evon v. Andrews, where the plaintiffs alleged that the defendants had not done enough to prevent the occurrence of a fire, the court stated that "[t]he risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future. The class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of `identifiable persons' within the meaning of Shore v. Stonington, supra. Furthermore, the plaintiffs' decedents were not subject to `imminent harm.'" Evonv. Andrews, supra, 211 Conn. 508. Because the fire could have occurred at any time or not at all, the court did not "accept the proposition that the plaintiffs' decedents in this case were readily identifiable victims subject to imminent harm," and the court held that the defendant's motion to strike was properly granted on the basis of governmental immunity. Id.
"In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." Id, 647. Applying these factors to the circumstances inBurns v. Board of Education, the court concluded that "the plaintiff school child was one of a class of foreseeable victims to whom the superintendent owed a duty of protection in relation to the maintenance and safety of the school grounds, and accordingly governmental immunity is no defense." Id., 650. InBurns, "the plaintiff school child slipped and fell due to icy conditions on a main accessway of the school campus, during school hours, while the child was compelled by statute to be on CT Page 12488 those school grounds." Id. The court distinguished the circumstances in that case from the incident in Evon v. Andrews, supra, 211 Conn. 501, in that "this accident could not have occurred at any time in the future; rather, the danger was limited to the duration of the temporary icy condition in this particularly `treacherous' area of the campus. Further, the potential for harm from a fall on ice was significant and foreseeable." Id.
The present case is distinguishable from Burns v. Board ofEducation in that Burns was a premises liability case, and is analogous to the situation in Evon v. Andrews. The issue in Burns
was "`[w]hether there is a "foreseeable class of victim" exception to the governmental immunity doctrine which would include students allegedly the victims of improper schoolmaintenance?'" (Emphasis added.) Burns v. Board of Education, supra, 228 Conn. 644. In the present case, by contrast, the plaintiffs essentially allege that the Board of Education failed to properly supervise the students at an after-school basketball game in order to prevent the occurrence of an assault. The risk of an assault "implicates a wide range of factors that can occur, if at all, at some unspecified time in the future." Evon v.Andrews, supra, 211 Conn. 508. "The plaintiff's injury could have occurred at any time, since it was not the product of the condition of the . . . [premises] but of . . . the spontaneous conduct of another child. Here, unlike Burns, there was no dangerous condition, no treacherous area, no imminent harm."Purzycki v. Town of Fairfield, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 266295 (1 Conn. Ops. 987 (August 18, 1995, Levin, J.)). While the defendant may have owed the plaintiff a duty under Burns as a member of an identifiable class, "that duty did not become actionable in the absence of imminent harm to the plaintiff." Id.
The plaintiff has failed to allege facts sufficient to support a conclusion that Gaudioso was an "identifiable person" subject to "imminent harm" by virtue of his participation in an after-school basketball game in which he was allegedly assaulted, and the defendant Board of Education is immune from tort liability on the ground that the supervision of students is a discretionary governmental duty. "[T]he plaintiffs do not allege that circumstances existed at the time of the [alleged assault] which should have made it apparent to the defendants that their failure to act would likely subject an identifiable person to imminent harm." Wadsworth v. Bridgeport Board of Education, CT Page 12489 Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 266762 (November 18, 1993, Maiocco, J.).
Accordingly, the defendant's motion to strike the fifth and sixth counts of the plaintiffs' complaint is granted based on the doctrine of governmental immunity.
Howard F. Zoarski, Judge