[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT
On February 9, 1993, the plaintiffs, Ryan Shove, a minor, and CT Page 6854 James R. Shove and Rena M. Shove, his parents, commenced this action against the defendants, Winfred Cheseke ("Cheseke"), the City of Waterbury ("City") and the Board of Education for the City of Waterbury ("Board of Education"). The plaintiffs seek to recover damages for injuries the minor sustained when a section of a volleyball support post fell on his foot during gym class at Bunker Hill School.
In their four count, second revised complaint, filed September 5, 1996, the plaintiffs allege the following facts. On January 24, 1991, at 11:15 A.M., the defendant Cheseke was in charge of a gym class in the school's gymnasium. In the gymnasium at that time and a member of the class was the minor plaintiff, Ryan Shove. At the start of the class, the students stood in line, with the exception of Ryan. At that time, Ryan and Cheseke were in the gymnasium's storage area. While talking to Ryan, Cheseke attempted to remove a volleyball support stand weighing approximately 165 pounds from the storage area. Subsequently, the base of the support stand detached and landed on Ryan's left foot, causing the complained of injuries.
In count one of the complaint, the plaintiffs allege, inter alia, that Cheseke was negligent in his failure to: (1) inspect the volleyball pole stand prior to moving it to ensure its proper attachment; (2) properly supervise the gym class; (3) maintain safety; and (4) maintain the volleyball pole and stand equipment to insure it could be moved safely. In the second count, the plaintiffs seek statutory indemnification from the City, pursuant to General Statutes § 7-465, for the alleged negligence of one of its employees, Cheseke. The third count is a claim for indemnification from the Board of Education for the negligent acts of Cheseke, pursuant to General Statutes § 10-235. The fourth count contains allegations that the plaintiff parents incurred medical bills on behalf of their son as a result of Cheseke's negligence.[1]
The defendants filed an answer and two special defenses. In the first special defense, the defendants claim that the plaintiffs are barred a remedy, pursuant to the doctrines of governmental immunity and sovereign immunity. In the second special defense, the defendants claim that Cheseke's acts required exercise of judgment and discretion as an official function of his authority granted by law, thus barring the plaintiffs' action. CT Page 6855
On October 9, 1996, the defendants filed a motion for summary judgment as to the entire complaint, claiming that no genuine issue exists as to any material fact and that they are entitled to judgment in their favor as a matter of law. The defendants base their motion on the doctrine of governmental immunity. In support, the defendants filed a memorandum of law and the affidavit of Cheseke.
On January 3, 1997, the plaintiffs filed a motion for summary judgment along with a memorandum entitled "Memorandum and Affidavit in Opposition to Defendants' Motion and In Support of the Plaintiffs' Motion For Summary Judgment In Their Favor." The plaintiffs also submit the affidavit of Ryan Shove and a copy of the Cheseke affidavit. Relying on both affidavits, the plaintiffs first argue that it is undisputed that Cheseke's actions were the sole cause of the accident. The plaintiffs then claim that this case falls within an exception to the doctrine of governmental immunity. Therefore, according to the plaintiffs, the defendants' motion for summary judgment should be denied and their motion for summary judgment should be granted.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381." (Citations omitted; internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805-06, 679 A.2d 945 (1996).
The Defendants' Motion for Summary Judgment
The defendants claim that if Cheseke had a duty to supervise students, that such a duty was discretionary, not ministerial, therefore entitling the defendants to claim the defense of governmental immunity. The defendants acknowledge that when the circumstances make it apparent to a public official that his failure to act would subject an identifiable person or a member CT Page 6856 of a foreseeable class of victims to imminent harm, the defense of governmental immunity would not apply. The defendants claim, however, that this exception is inapplicable to the present case, arguing that: Cheseke did not "fail to act"; the minor was not an "identifiable person"; and that the resulting harm was not "imminent."
"The doctrines that determine the tort liability of municipal employees are well established. Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortious conduct. . . . The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees." (Citations omitted; internal quotation marks omitted.) Burns v. Board of Education, 228 Conn. 640,645, 638 A.2d 1 (1994). "Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts . . . [which] are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . . In contrast, [m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Internal quotation marks omitted.) Mulligan v.Rioux, 229 Conn. 716, 727, 643 A.2d 1226 (1994). Though the availability of governmental immunity depends upon the nature of the employee's alleged conduct and the factual circumstances in which he engages in that conduct, our Supreme Court has "approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
"The public/private duty distinction and the ministerial/discretionary test may appear to overlap and this has resulted in a lack of consistent analysis by this state's courts." Gordon v. Bridgeport Housing Authority, supra,208 Conn. 168. But, as the court in Gordon observed, "although the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Id., 170.[2] Moreover, the court in Burns held that the foreseeable class of victim exception "applies irrespective of whether the official's duty is technically public or private in nature." Burns v. Board ofEducation, supra, 228 Conn. 650-51. CT Page 6857
In the present case, the alleged negligent acts of Cheseke were. discretionary. "[A] physical education teacher uses judgment and discretion in choosing what sports or games to play in a physical education class, and in supervising such activities." Gervais v. West Hartford Board of Education,
Superior Court, judicial district of Hartford/New Britain, Docket No. 555396 (July 25, 1996, Lavine, J.) (17 Conn. L. Rptr. 383); see also Natale v. Greenwich Board of Education, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 234271 (November 13, 1990, Katz, J.)(7 CSCR 10) ("An allegation of failure to supervise students has been held to be for the public benefit and discretionary in nature.") citing Heigl v.Board of Education, supra, 218 Conn. 8; Stevens v. Vegas,
Superior Court, judicial district of New Haven, Docket No. 352632 (February 7, 1994, Hadden, J.) (9 CSCR 239) ("this duty, if it exists, is a discretionary one."); Farace v. Board of Educationof Guilford, Superior Court, judicial district of New Haven, Docket No. 239185 (October 16, 1992, Reilly, J.) (7 CSCR 526).
The plaintiffs seem to acknowledge that the acts of Cheseke upon which the allegations of negligence are based were discretionary in nature. Relying on Burns v. Board ofEducation, supra, 228 Conn. 640, the plaintiffs argue, however, that the "identifiable person" or "foreseeable class of victims" exception to the doctrine of governmental immunity applies.
"Municipal liability for the breach of the public duty attaches only if the act complained of is a ministerial act or [if] one of the narrow exceptions to the discretionary acts . . . applies." (Citation omitted; internal quotation marks omitted.)Roman v. Stamford, supra, 16 Conn. App. 221. "Our cases recognize three such exceptions: `first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence.'" Burns v. Board of Education, supra,228 Conn. 645, quoting Evon v. Andrews, 211 Conn. 501, 505,559 A.2d 1131 (1989); Purzycki v. Town of Fairfield,44 Conn. App. 359, 363, ___ A.2d ___ (1997).
"In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered CT Page 6858 numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." Burns v. Board of Education, supra, 228 Conn. 647. Applying these factors, the Burns court first determined that school children, who are statutorily required to be at school, are an identifiable class of foreseeable victims. Id., 649. The court held that "[a]t least during school hours on school days, when parents are statutorily compelled to relinquish protective custody of their children to a school board and its employees, the superintendent has the duty to protect the pupils in the board's custody from dangers that may reasonably be anticipated." Id.
Second, the court determined that the plaintiff school child was subjected to a perceptible imminent harm. Id., 650. InBurns, "the plaintiff school child slipped and fell due to icy conditions on a main accessway of the school campus, during school hours, while the child was compelled by statute to be on those school grounds." Id. In emphasizing the importance of the temporary duration of the threat, the Burns court distinguished the circumstances in that case from the incident in Evon v.Andrews, supra, 211 Conn. 501, in that, unlike Evon, "this accident could not have occurred at any time in the future; rather, the danger was limited to the duration of the temporary icy condition in this particularly `treacherous' area of the campus. Further, the potential for harm from a fall on ice was significant and foreseeable." Burns v. Board of Education,
supra, 650. The court in Burns concluded that "[u]nder these circumstances . . . the plaintiff school child was one of a class of foreseeable victims to whom the superintendent owed a duty of protection in relation to the maintenance and safety of the school grounds, and accordingly governmental immunity is no defense." Id.
In the present case, the plaintiff Ryan Shove was a student in Cheseke's class when the injury occurred. Pursuant to the holding of Burns, Ryan Shove clearly was both an identifiable person and within a foreseeable class of victims. Moreover, Cheseke in his affidavit indicates that he "inspect[ed] the volleyball pole and basestand for stability and security." (Cheseke Affidavit, p. 2). Such an averment demonstrates that the defendant recognized the potential imminent harm that could arise from the movement of the 165 pound volleyball pole and stand. Ryan Shove was one of a class of foreseeable victims to whom CT Page 6859 Cheseke owed a duty of protection in relation to the maintenance and safety of the equipment, and accordingly governmental immunity is no defense. A genuine issue of material fact exists as to whether the defendant breached this duty and, therefore, that the defendants' motion for summary judgment as to count one is denied.
The second and third counts are not direct actions against the City and Board of Education, but rather seek indemnification from those defendants for the alleged negligence of Cheseke, pursuant to General Statutes §§ 7-465 and 10-235
respectively.[3]
General Statutes § 7-465 establishes municipal liability for certain acts of employees. Wu v. Fairfield, 204 Conn. 435,438, 528 A.2d 364 (1987). "A plaintiff bringing suit under General Statutes § 7-465 first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. . . . Only then may the plaintiff go on to allege and prove the town's liability by indemnification. . . . This is a personal liability requirement that calls for an inquiry independent of the statute itself, an inquiry into the factual matter of individual negligence."
(Emphasis in original; internal quotation marks omitted.) Id. The municipality's liability is derivative of the liability of its employee. Kaye v. Manchester, 20 Conn. App. 439, 443-44,568 A.2d 459 (1990). "Thus, in a suit under § 7-465, any municipality liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual."Wu v. Fairfield, supra, 204 Conn. 438.
Pursuant to General Statutes § 10-235, "the legislature intended to make indemnification available to a board of education employee for losses sustained from claims or suits for damages . . . resulting from any act of the employee performed in the discharge of his or her duties or within the scope of employment . . ." (Internal quotation marks omitted.) King v.Board of Education, 203 Conn. 324, 326, 524 A.2d 1131 (1987). "While occasionally cases may arise under § 10-235 in which an employee is so clearly within or without the scope of his employment that the question is one of law, in the greater number of cases the decision is a question of fact for the trier." Id., 327. CT Page 6860
Both the City and the Board of Education have statutory duties to indemnify their employees. This duty to indemnify is derivative of a finding that the employee, Cheseke, was negligent and possibly liable to the plaintiffs. The court denies the defendants' motion for summary judgment as to count one.
The Plaintiffs' Motion for Summary Judgment
The plaintiffs argue that the defense of governmental immunity does not apply, and that it is undisputed that the actions of Cheseke were the sole cause of the accident. Therefore, the plaintiffs claim they are entitled to summary judgment in their favor as a matter of law.
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984). "Summary judgment is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of car was met in a specific situation." (Internal quotation marks omitted.) Spencer v. Good Earth Restaurant Corp.,164 Conn. 194, 198, 319 A.2d 403 (1972).
The plaintiffs rely on the affidavits of Ryan Shove and Cheseke in support of their motion for summary judgment. "Recovery of damages in negligence requires proof by a fair preponderance of the evidence that the actor owed a duty of care to the victim, which was breached by the actor's failure to meet the standard of care arising therefrom and that the breach was the proximate cause of actual harm suffered by the victim." (Citations omitted.) Coburn v. Lenox Homes, Inc.,186 Conn. 370, 372, 441 A.2d 620 (1982); see also Shore v. Stonington,187 Conn. 147, 151, 444 A.2d 1379 (1982) (negligence is a breach of a duty owed to another.) The plaintiffs' affidavit merely restates many of the allegations made in the complaint. Even if the court considers these statements as true, the materials submitted by the plaintiffs do not resolve "`the mixed question of fact and law' of whether the defendant met the requisite standard of care under the circumstances. . . ." Fogarty v.Rashaw, supra, 193 Conn. 446. Moreover, although the Cheseke affidavit tends to support the plaintiffs' claim that the governmental immunity defense does not apply, it offers little support for the plaintiff's claim of negligence. The plaintiffs CT Page 6861 have failed to meet their burden of demonstrating the nonexistence of genuine issues of material fact. Further, even if the court were to find that the plaintiffs have satisfied their burden on their motion for summary judgment, the defendants have provided a sufficient evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381. Accordingly, the plaintiffs' motion for summary judgment is denied.
GILL, J.